UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIRNA GONZALEZ, et al.,

    Plaintiffs,

    v.

ORGANON USA, et al.,

    Defendants.
_____/

No. C 12-6161 PJH

**ORDER GRANTING DEFENDANTS' MOTION TO STAY**

    Before the court is defendants' motion to stay the above-entitled action pending the determination by the Judicial Panel on Multidistrict Litigation ("JPML") regarding the transfer of this case to MDL 1964 in the Eastern District of Missouri. Plaintiffs oppose the motion, and argue that the case should be remanded to the Superior Court of California, County of San Francisco, where it was originally filed. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion to stay.

    The JPML has the authority to transfer "civil actions involving one or more common questions of fact [which] are pending in different districts . . . to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). When evaluating a motion to stay, a primary factor the court should consider is the preservation of judicial resources. Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1360-61 (C.D. Cal. 1997). Staying an action pending transfer can help prevent duplicative litigation and inconsistent rulings. Id. Other courts, including courts within the Northern District, have granted motions to stay in order to preserve judicial resources, even where motions to remand are also pending. See Freitas v. McKesson Corp., 2012 WL 161211 (N.D. Cal. Jan.10, 2012); Nichols v. DePuy

Orthopaedics, Inc., 2011 WL 5335619 (N.D. Cal. Nov. 2, 2011); McCrerey v. Merck & Co., 2005 WL 6124182 (S.D. Cal. Mar. 3, 2005).

Contrary to what plaintiffs suggest, there is no rule that the district court must first consider the jurisdictional issues raised in a motion to remand, and there is nothing to preclude the MDL court from considering the jurisdictional issues after the transfer. Here, staying the case and the eventual transfer of the case would promote judicial economy because the cases raising the same issues regarding NuvaRing® would be consolidated for discovery and pretrial proceedings.

The question whether McKesson Corporation is a proper defendant in the NuvaRing® cases should be decided by one court, because the result otherwise would be potential inconsistency in judicial rulings. Since at least one case from this district in which McKesson is a defendant has been transferred to the MDL, and since at least four cases from the Central District of California in which McKesson is a defendant have been stayed pending the transfer decision by the JPML, the court finds that judicial economy would be better served by staying this case as well.

Moreover, Mirna Gonzalez, the sole California resident alleged in the complaint herein to have been injured, is joined as one of seven plaintiffs in one of the NuvaRing® cases filed in the Central District of California. In Burgueno v. Organon, C13-10883 (C.D. Cal.), which was ordered related to four other NuvaRing® cases pending in that district, the court granted defendants' motion to stay pending transfer to the MDL. All five cases name McKesson as a defendant.

Accordingly, for the foregoing reasons, the court finds that defendants' motion to stay must be GRANTED. The February 27, 2013 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: February 22, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge